IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREENBRIAR GROUP, LLC,
doing business as GREENBRIAR
MILLS TOWNHOMES,

              Plaintiff,

v.                               1:14-cv-1990-WSD

ELISHA BETTS AND ALL OTHER
OCCUPANTS,

              Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation [3] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of Fulton County, Georgia.

**I.    BACKGROUND**

On June 6, 2014, Plaintiff Greenbriar Group LLC ("Plaintiff") initiated a dispossessory proceeding against its tenant, Defendant Elisha Betts ("Defendant") in the Magistrate Court of Fulton County, Georgia.[1] The Complaint seeks

---

[1] No. 14DE007668.

possession of premises currently occupied by Defendant.  Plaintiff also seeks past due rent, late fees, and administrative fees totaling $1,998.

On June 25, 2014, Defendant, proceeding *pro se*, removed the Fulton County action to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law.  She claims in her Notice of Removal that "Respondent" "[has] a legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6," and that it also violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Rule 60 of the Federal Rules of Civil Procedure, "28 USC 1367," "28 USC 1446(D) [sic]," and the Due Process Clause of the Fourteenth Amendment.  (Notice of Removal at 2-3).

On July 3, 2014, Magistrate Judge Johnson granted Defendant's application to proceed IFP.  Judge Johnson also considered *sua sponte* the question of subject matter jurisdiction and recommends that the Court remand this case to the Magistrate Court of Fulton County.

Judge Johnson found that Plaintiff's underlying pleading is entirely based on state law.  Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Johnson concluded that the Court does not

have federal question jurisdiction over this matter.[2]

There are no objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.   Analysis

Defendant does not object to the R&R's conclusions that Plaintiff's Complaint does not present a federal question.  The Court does not find any error in this conclusion.

---

[2]   Judge Johnson further noted that the Court does not have diversity jurisdiction over this matter because Defendant appears to be citizens of Georgia.

It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint, and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).[3]

Because the Court lacks subject matter jurisdiction, this action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[4]

---

[3]  This Court also does not find plain error in the Magistrate Judge's conclusion that the Court lacks diversity jurisdiction over this matter.  See 28 U.S.C § 1332(a)(1) (providing that diversity jurisdiction exists over civil actions between "citizens of different states").  The record does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

[4]  Even if subject-matter jurisdiction existed, the Court is unable to grant Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Final Report and Recommendation [3] is **ADOPTED**. This action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 19th day of September, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE